# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #008

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **14th day of February, 2018**, are as follows:

**PER CURIAM**:

2017-KK-1451        STATE OF LOUISIANA v. DANNY P. BATTAGLIA (Parish of St. Mary)

The Louisiana Constitution gives the District Attorney "charge of every criminal prosecution by the state in his district, . . . ." La. Const. art. 5, § 26. Code of Criminal Procedure art. 680 provides mandatory grounds for recusal of the District Attorney. While the District Attorney contends that he acted within his discretion under Code of Criminal Procedure art. 681 to recuse himself voluntarily, we note that cases abound in which courts have found that "[a]n appearance of bias and prejudice is not sufficient to warrant the granting of a motion to recuse [the District Attorney]." See, e.g., State v. Ellis, 13-1401, pp. 26–27 (La. App. 4 Cir. 2/4/15), 161 So.3d 64, 80. To resolve the present case, we find it unnecessary to examine further any interplay between these two articles or to consider the extent of the District Attorney's discretion to recuse himself voluntarily. There is no support for the district court's determination that public confidence in the proceedings is risked under the circumstances here in which a former public defender, who had no involvement with Battaglia and whose conflict is speculative, is employed by the District Attorney but otherwise uninvolved in Battaglia's Miller hearing. Therefore, we vacate the district court's ruling granting the District Attorney's motion to recuse and remand for further proceedings. REVERSED AND REMANDED.

WEIMER, J., additionally concurs and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons.

## SUPREME COURT OF LOUISIANA

### No. 2017-KK-1451

### STATE OF LOUISIANA

### VERSUS

### DANNY P. BATTAGLIA

## ON SUPERVISORY WRITS TO THE SIXTEENTH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. MARY

**PER CURIAM**

In 2016, attorney Craig Colwart, a public defender in the 16th JDC, was hired as an assistant district attorney in the same district. His hiring precipitated recusal by the District Attorney and his entire office from 86 prosecutions in which Colwart was perceived to have a conflict. Among those recusals was from participating in a hearing to determine parole eligibility for Danny Battaglia. Codefendants Battaglia and Robert Thibodeaux had pleaded guilty to a murder they committed together as juveniles in 1981. Battaglia filed a motion to correct an illegal sentence seeking parole eligibility pursuant to *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and *Montgomery v. Louisiana*, 577 U.S. —, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016).

Colwart represented Thibodeaux in an earlier post-conviction proceeding and never represented Battaglia. Nonetheless, the District Attorney voluntarily moved to recuse himself and his office from further proceedings in Battaglia's *Miller* hearing because Colwart "may have received information from [Thibodeaux] concerning [Battaglia's] involvement in the murder of the victim in

this case." After the district court granted the motion to recuse, the Attorney General filed a motion to vacate that ruling. In response to this motion, the District Attorney reiterated, "a conflict exists in this case since [Colwart] probably learned the details of [Battaglia's] participation in the murder from his discussion of the case with [Thibodeaux]."

The district court denied the Attorney General's motion to vacate after conducting a hearing. At that hearing, the district court judge characterized the conflict as follows: Colwart would have knowledge gleaned from his representation of Thibodeaux regarding potential mitigating and aggravating considerations pertinent to Battaglia's *Miller* hearing and the elected District Attorney who employs Colwart has an interest in the outcome of the *Miller* hearing. The district court judge also expressed concern that the community might have less confidence in proceedings in which a District Attorney's office opposes parole eligibility for the codefendant of a former client of one of the assistant district attorneys.

After a five-judge panel of the court of appeal denied the Attorney General's writ application without comment, *State v. Battaglia*, 17-0526 (La. App. 5 Cir. 7/28/17) (unpub'd) (Theriot, J., dissents and would grant the writ), the Attorney General applied to this court for supervisory review. After briefing and oral argument, it is apparent that the Attorney General and the District Attorney now agree on most of the issues. For example, the parties agree that, while Colwart should be recused from participating in Battaglia's *Miller* hearing, any conflict Colwart may have is *not* imputed to the District Attorney or his other assistants. Nonetheless, the District Attorney maintains that the district court did not err in refusing to vacate the granting of the motion to recuse because participation in the *Miller* hearing by one of his other assistants would create an appearance of

2

partiality that could erode public confidence in the fairness of the proceedings. We disagree.

The Louisiana Constitution gives the District Attorney "charge of every criminal prosecution by the state in his district, . . . ." La. Const. art. 5, § 26. Code of Criminal Procedure art. 680 provides mandatory grounds for recusal of the District Attorney.[1] While the District Attorney contends that he acted within his discretion under Code of Criminal Procedure art. 681 to recuse himself voluntarily,[2] we note that cases abound in which courts have found that "[a]n appearance of bias and prejudice is not sufficient to warrant the granting of a motion to recuse [the District Attorney]." *See, e.g., State v. Ellis*, 13-1401, pp. 26–27 (La. App. 4 Cir. 2/4/15), 161 So.3d 64, 80. To resolve the present case, we find it unnecessary to examine further any interplay between these two articles or to consider the extent of the District Attorney's discretion to recuse himself voluntarily. There is no support for the district court's determination that public confidence in the proceedings is risked under the circumstances here in which a

---

[1] Article 680, pertaining to the grounds for recusation of a district attorney, provides:

A district attorney shall be recused when he:

(1) Has a personal interest in the cause or grand jury proceeding which is in conflict with fair and impartial administration of justice;

(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigation, to such an extent that it may appreciably influence him in the performance of the duties of his office; or

(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.

[2] Article 681, pertaining to the procedure for the recusation of a district attorney, provides:

A district attorney may recuse himself, whether a motion for his recusation has been filed or not, in any case in which a ground for recusation exists. A motion to recuse the district attorney shall be in writing and shall set forth the grounds therefor. The motion shall be filed in accordance with Article 521, and shall be tried in a contradictory hearing. If a ground for recusation is established the judge shall recuse the district attorney.

3

former public defender, who had no involvement with Battaglia and whose conflict is speculative, is employed by the District Attorney but otherwise uninvolved in Battaglia's *Miller* hearing. Therefore, we vacate the district court's ruling granting the District Attorney's motion to recuse and remand for further proceedings.

**REVERSED AND REMANDED**

4

**SUPREME COURT OF LOUISIANA**

**No. 2017-KK-1451**

**STATE OF LOUISIANA**

**VERSUS**

**DANNY P. BATTAGLIA**

**ON SUPERVISORY WRITS TO THE SIXTEENTH JUDICIAL
DISTRICT COURT FOR THE PARISH OF ST. MARY**

**WEIMER, J.** additionally concurring.

I agree with the majority opinion, and write separately because I find that the motions to recuse were filed in good faith out of concern for protecting the integrity of the prosecution. Noteworthy is that there was a considered ruling by the district court. This court's decision provides an answer for this district attorney in this case.

02/14/2018

**SUPREME COURT OF LOUISIANA**

**No. 2017-KK-1451**

**STATE OF LOUISIANA**

**VERSUS**

**DANNY P. BATTAGLIA**

**ON SUPERVISORY WRITS TO THE SIXTEENTH JUDICIAL
DISTRICT COURT FOR THE PARISH OF ST. MARY**

**CRICHTON, J., additionally concurs and assigns reasons**

I agree with the majority's conclusion that the district court erred in this case in granting the District Attorney's motion to recuse himself and his entire office based on a conflict attributable only to one of his assistants (who is a recently hired former public defender). However, I write separately to note that the Attorney General alleges that the hiring of that assistant resulted in approximately 85 other motions to recuse filed by the District Attorney and granted by the district court since 2016. In addition, the Attorney General alleges that the hiring of another assistant, who was also a former public defender, resulted in the filing of another 261 motions to recuse filed by the District Attorney and granted by the district court since 2016. While those recusals are not pending before the court in this case, which is limited to the District Attorney's motion to recuse himself and his office from participation in defendant's *Miller* hearing, such a volume of recusals is of great concern. The parties in this instance have agreed that attorney Colwart's conflict is not attributable to the District Attorney or his office generally. Furthermore, this Court has now determined that public confidence in the proceedings is not imperiled under the circumstances presented here. I am hopeful the Court's action today will temper any further need for recusals such as these.

1